## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CHARLES PARKER            *

Plaintiff                 *

v                      *     Civil Action No. JKB-16-256

INVESTIRE, LLC, et al.,       *

Defendants           *
                         ***

## MEMORANDUM

The above-captioned Complaint was filed on January 28, 2016, together with a Motion to Proceed in Forma Pauperis..  The Complaint concerns Plaintiff's allegation that foreclosure proceedings have been improperly initiated against Plaintiff's property by the named Defendants. ECF 1.  The foreclosure proceeding, as well as various cases between Plaintiff and Defendants, including an action for judgment of possession of the property are pending in the Circuit Court for Baltimore City.  *See Investire LLC v. Parker, et al.,* Case No. 24C15004783; *Ward v. Parker,* Case No. 24014001143; and *Federal Nat'l Mortgage Assoc. v. Parker, et al.,* Case No. 24C15004077.[1]  In light of the fact that a case is pending in another forum, this court cannot accept jurisdiction over the claims raised in the Complaint.

To the extent Plaintiff seeks to enjoin the state court proceedings or seeks declaratory relief regarding rights to the property at issue, this Court may not grant "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Where the Anti-Injunction Act bars injunctive relief, issuance of a declaratory judgment that would have the same effect as an injunction is also unavailable.  *See Samuels v. Mackell*, 401

---

[1] *See* http://casesearch.courts.state.md.us/inquiry

U.S. 66, 73 (1971) (declaratory relief has virtually the same practical impact as a formal injunction).  Additionally, where equitable relief is sought regarding property that is already the subject of an ongoing in rem action in another court, the court controlling the property for purposes of the earlier-filed suit has exclusive jurisdiction over the property.  *See Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466, 59 S.Ct. 275, 83 L.Ed. 285 (1939) (the jurisdiction of the second court must yield to the court where the matter was first pending).

In addition, foreclosure actions brought under state law do not give rise to federal question subject-matter jurisdiction.  *See McNeely v. Moab Tiara Cherokee Kituwah Nation Chief,* 2008 WL 4166328 (W.D. N.C 2008) (nothing in "simple foreclosure action of real property . . . suggests the presence of a federal question"). To the extent Plaintiff believes the claims asserted constitute a viable defense to the foreclosure action, they may be raised in the context of that case.

A separate Order dismissing the Complaint follows.

February 19, 2016                     _____/s/_____

                                                          James K. Bredar
                                                          United States District Judge